ROBERT TAYLOR *vs.* TEUNIS S. SLINGERLAND.

November 30, 1888.

**Taxes—Void Sale—Rights of Purchaser in Possession.**—The holder of the state's lien on real estate for taxes, acquired by purchase of the real estate at a void tax sale, cannot, independent of the "occupying claimants' law," defend his possession of the real estate upon the lien, even though he enter with the acquiescence of the owner. His rights are not like those of a mortgagee in possession.

**Same—Occupying Claimant—Interest.**—Under the "occupying claimants' law," (Gen. St. 1878, c. 75, § 16,) the interest to be allowed for taxes so satisfied is 7 per cent. per annum. The sum which the judgment in favor of the owner requires him to pay the occupant, under section 17, as a condition to the issuing of execution, does not bear interest.

Appeal by defendant from a judgment of the district court for Dodge county, where the action was tried by *Buckham*, J.

*Chas. C. Willson*, for appellant.

*Robert Taylor*, for respondent.

GILFILLAN, C. J. This is an appeal from a judgment. The record brought here consists of the pleadings, the findings of the court, and the judgment. The complaint is drawn as in an action to cancel certain tax-sale certificates and tax deeds as clouds upon plaintiff's title. The findings indicate that the action was tried as an action in which the provisions of what is called the "Occupying Claimants' Law" are applicable, to wit, an action to test the validity of the title; and the parties conceded on the argument here that it was so tried by agreement of parties. The judgment awards possession of the land to plaintiff, on condition that within a year he pay into court for the use of defendant the aggregate of certain sums paid by

defendant, or those to whose rights he has succeeded, upon the sales for taxes, and for taxes, which sums it adjudges to be liens. No exception is taken here to this condition, nor to the court's conclusion that the tax sales were void, nor to the adjudication of lien, except as to interest; which exceptions we will consider later in this opinion.

The findings of fact show that in 1875 the defendant entered into possession, under conditions that entitled him to the protection and benefits of the occupying-claimants' law. But he urges, as a complete defence to the action, that he having entered under the lien for taxes, which upon the void tax sales passed under the statute to him, and to the purchasers at such sales, to whose interests he has succeeded, and the right to enforce the liens, and consequently the right to redeem from them, having become barred by the statute of limitations, an action by the owner to recover possession of the property will not lie. He likens the case to that of a mortgagee in possession after condition broken, in which it is held that the mortgagor cannot recover possession without first redeeming from the mortgage; and he argues, assuming this, that the action cannot be maintained as in the nature of ejectment, but, if it can be maintained at all, it must be as one to redeem from the liens; and, further, that the right to foreclose and the right to redeem being "reciprocal and commensurable," when one is barred, the other is likewise barred; and that, as in this case the right to enforce the liens by action is barred by the statute of limitations, the right to redeem is also barred.

The doctrine applicable to a mortgagee in possession is somewhat peculiar. Originally, at law, the mortgage was deemed a conveyance vesting the title in the mortgagee, subject to be defeated by strict performance of the condition. So rigorous was the rule that, if the mortgagor failed to perform the condition at the day, the title of the mortgagee became absolute. But courts of equity at a very early day came to regard the mortgage as only a security, and the mortgagee as holding the title as security; and with the aversion to forfeitures, always a marked characteristic of equity jurisprudence, held that there was in the mortgagor an equity or right of redemption even after condition broken, and until the equity was barred in some mode provided by law. By gradual adoption of the doctrine of equity, this

finally became the rule at law. But the mortgage, which in terms passed the title, was still held to be a conveyance so far as to entitle the mortgagee to the possession after condition broken; and if he went into possession after breach of condition, the mortgagor's only remedy was by suit to redeem. Out of this grew the doctrine of a "mortgagee in possession;" and after the passage of statutes such as we have, providing that a mortgage shall not be deemed a conveyance so as to enable the mortgagee to recover possession, the courts still retained the doctrine so far as to hold that, if the mortgagee got possession peaceably, he could defend his possession upon the mortgage alone. This was holding, in effect, that the mortgagee could gain a right to possess by merely taking possession. This court rejected this illogical proposition, in *Rogers* v. *Benton, supra*, p. 39, in which, while it retained the rules defining the rights of a "mortgagee in possession," it held that under the statute there is no right in the mortgagee either to recover or to retain possession by force of the mortgage alone; and that, to be in position to defend his possession in an action of ejectment, he must be in with the assent, express or implied, subsequent to the mortgage, of the mortgagor, that he may hold possession under or because of the mortgage. In other words, the mortgagor may insist on his rights under the statute, unless he shall have waived them in favor of the mortgagee by assenting to his possession. It must be apparent that, to maintain the mortgagee's possession, both the mortgage and subsequent assent are necessary. There is no other lien, except a mortgage lien, either a judgment lien, mechanic's lien, lien for taxes, or any other, to which the doctrine applies. Of course, the holder of such a lien may contract with the owner for the right to take and hold possession of the real estate as additional security for the debt; but such contract must be sufficient of itself to give the right of possession. Mere acquiescence in the possession will not suffice. The defendant must therefore rely, not on the doctrine he thus invokes, but if, in this action, he seeks to maintain his possession, and for relief, because of his having satisfied the state's lien for taxes, and so become subrogated to such liens, he must rely on the occupying-claimants' law, and accept the measure of relief that law gives him. It is, then, unnecessary to consider

whether the liens are barred by the statute of limitations, or what rate of interest on the amounts paid by him, or those to whose rights he has succeeded, he would be entitled to recover in an action to enforce the lien for the same. He consented that his rights should be determined by the provisions of the occupying-claimants' law, when he agreed that the action should be tried as one to which the provisions of that law are applicable. The rate of interest on taxes paid, etc., allowed by that law, is 7 per cent., (Gen. St. 1878, *c.* 75, § 16,) the rate allowed by the court below.

The statute does not provide that the amount which the plaintiff must pay before he can have execution (and which amount should be specified in the judgment) shall bear interest. The interest referred to in section 17 of the chapter, "with interest thereon as aforesaid," is that which, under section 16, the jury, or, if the case is tried without a jury, the court, is to assess upon the taxes, etc., paid by the occupant, and upon improvements, and which can be computed only to the time of rendering the verdict or making the findings. The legislature doubtless considered that the value of the possession until payment of the amount specified in the judgment will ordinarily be as much as the interest on such amount.

Judgment affirmed.